**MO CHING SHING, Plaintiff,**

v.

**John L. MURFF, as District Director for the New York District, Immigration and Naturalization Service, United States Department of Justice, Defendant.**

United States District Court
S. D. New York.
Sept. 4, 1958.

———◆———

Abraham Lebenkoff, New York City, for plaintiff.

Arthur H. Christy, U. S. Atty., S. D. New York, New York City, Roy Babitt, Sp. Asst. to the U. S. Atty., New York City, of counsel, for defendant.

DAWSON, District Judge.

This is an application, brought on by an order to show cause, for an order staying the enforcement of an order of deportation against the within named plaintiff, and for permission for the plaintiff to remain free on bail pending the hearing and determination of the issues raised in the within entitled proceeding.

It appears from the papers that the plaintiff is a seaman who entered this country at the port of Philadelphia and remained here after the 29-day period for which he had permission to remain in this country had elapsed. He was arrested on the warrant of Immigration Officials and after a hearing before a Special Inquiry Officer of the Immigration and Naturalization Service was ordered deported. The plaintiff admits that he is properly deportable. In accordance with the provisions of Title 8 U.S.C.A. § 1253, the alien is to be deported to the country of which he is a subject or national, if that country is willing to accept him. The alien contends that he is a native of China. The order of deportation provides that he is to be deported to the British Colony of Hong Kong. The respondent has submitted on this motion the Seaman's Record Book of the alien which shows

382

that he was born in Hong Kong and is of British nationality, and has also submitted an "Emergency Certificate of British Nationality" granted to permit the deportation of the alien, executed by Her Majesty's Consul General in New York, which certificate states that the alien has been represented as being a British citizen of the United Kingdom and Colonies and the British Consul General has no reason to doubt this statement. The certificate is valid for deportation to Hong Kong and must be surrendered to the Immigration Officer upon arrival. The certificate shows that the alien was born in Hong Kong on April 10, 1936, and that he is the holder of a Seaman's Record Book which indicates that he is a British subject, born in Hong Kong.

The contention of the alien is that he is in reality a citizen of China and that when he arrives in Hong Kong he will be deported to China. The alien presents no facts in support of this assertion of his nationality, has submitted no affidavit in his own behalf, nor has he shown any precedent for the statement that a person deported to Hong Kong would necessarily be deported from Hong Kong to China. He has asked this Court to assume from argumentative statements in an attorney's affidavit that this result would occur, but offers no proof to support such assertion. The papers submitted are sufficient to show that Hong Kong is willing to accept him into its territory and that he has certified that he is a native of Hong Kong and a British subject. He certainly entered this country on a seaman's pass which indicated that he was a native of Hong Kong and a British subject. If those statements are false the alien might be subject to criminal prosecution in this country. It may be for this reason that the plaintiff has failed to support his present application by any affidavit.

In the absence of any proof whatsoever that he cannot be deported to Hong Kong, or that Hong Kong is not a proper place to which he may be deported, the moving party has failed to sustain his application for injunctive relief. The application is denied and the stay is vacated. So ordered.